# IN THE COURT OF APPEALS OF IOWA

No. 18-1270
Filed May 1, 2019

**CLARENCE G. BRYANT,**
     Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
     Respondent-Appellee.

_____

Appeal from the Iowa District Court for Mahaska County, Lucy J. Gamon, Judge.

Clarence Bryant appeals the denial of his motion to strike court costs. **AFFIRMED.**

Denise M. Gonyea of McKelvie Law Office, Grinnell, for appellant.

Thomas J. Miller, Attorney General, and Timothy M. Hau, Assistant Attorney General, for appellee State.

Considered by Potterfield, P.J., and Doyle and Tabor, JJ.

**DOYLE, Judge.**

Clarence Bryant appeals the denial of his motion to strike court costs. The sole issue presented on appeal is whether the clerk of court may impose a filing fee on applications for postconviction relief (PCR) filed under Iowa Code chapter 822 (2018). Bryant argued it was improper for the clerk of court to assess a filing fee on his PCR application because the plain language of section 822.2(1) states that a person may institute a PCR action "without paying a filing fee." The district court denied the motion pursuant to Iowa Code section 610A.1(1), which states that

> if the person bringing a civil action or appeal is an inmate of an institution or facility under the control of the department of corrections or a prisoner of a county or municipal jail or detention facility, the inmate or prisoner shall pay in full all fees and costs associated with the action or appeal.

Because Bryant was an inmate of a prison at the time he filed his PCR application, the court concluded he was "required to pay all of the fees and costs in this case."

On appeal, Bryant argues the plain language of section 822.1 allows a PCR applicant to file without paying a filing fee.[1] In interpreting section 822.2(1), we adhere to the following well-settled principles:

> The purpose of statutory interpretation is to determine the legislature's intent. We give words their ordinary and common meaning by considering the context within which they are used, absent a statutory definition or an established meaning in the law. We also consider the legislative history of a statute, including prior enactments, when ascertaining legislative intent. When we interpret a statute, we assess the statute in its entirety, not just isolated words

---

[1] Bryant also argues that assessing a filing fee violates his constitutional rights to due process and equal protection. Because this argument was not raised below, we will not consider it for the first time on appeal. *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002) ("It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal.").

or phrases. We may not extend, enlarge, or otherwise change the meaning of a statute under the guise of construction.

*Willard v. State*, 893 N.W.2d 52, 60-61 (Iowa 2017) (citation omitted). When we engage in statutory interpretation, our review is for correction of errors at law. *See id.* at 58.

The State concedes that section 822.2(1) allows a PCR applicant to initiate[2] a PCR proceeding without paying a filing fee but argues the statute "does not absolve him of *ever* paying the filing fee." It claims that filing fees are part of the costs of an action that may be recovered by the successful party against the losing party in a civil action. *See* Iowa Code § 625.1. In support of its argument, the State cites *Fryer v. State*, 325 N.W.2d 400, 415 (Iowa 1982). In *Fryer*, a PCR applicant argued the district court erred in taxing costs of the action to him because he had been granted permission to proceed at state expense under section 663A.5 (1981), which provided: "If the applicant is unable to pay court costs and expenses of representation, including stenographic, printing, and legal services, these costs and expenses shall be made available to the applicant in the preparation of the application, in the trial court, and on review." 325 N.W.2d at 414. In rejecting the applicant's argument that section 663A.5 [now section 822.5] superseded the section 625.1 requirement that the successful party shall recover costs against the losing party, our supreme court held that the purpose of section 663A.5 [now section 822.5] was to

> advance[] the costs of a postconviction proceeding to the indigent so
> that he or she will not be prevented from seeking redress of alleged

---

[2] Section 822.2(1) allows a person to "institute, without paying a filing fee, a [PCR] proceeding." "Institute" means "[t]o begin or start; commence." *Institute, Black's Law Dictionary* (10th ed. 2014).

defects in the conviction. We assume that all applicants will not be destitute forever. Some will return to society, and others may obtain funds from other sources, e.g., civil judgments or inheritances. It is not unreasonable for the State to recover, whenever possible, the costs it has advanced. We note, however, that the practical effect of taxing court costs in postconviction proceedings will be the same as that provided for statutorily in habeas corpus proceedings: if the losing party is confined to a state institution and is indigent, the State will have to absorb the costs.

*Id.* (footnote omitted). We conclude the same rationale applies to section 822.2(1) (2018). Although an applicant may initiate a PCR action without first paying the filing fee, the provision does not abrogate the applicant's responsibility to pay the filing fee. Rather, the filing fee is recoverable in the event that the PCR applicant is unsuccessful in securing relief.

We affirm the denial of Bryant's motion to strike court costs.

**AFFIRMED.**